DAVID A. HUBBERT
Deputy Assistant Attorney General

HERBERT W. LINDER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 310
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 598-6193
Email: herbert.w.linder@usdoj.gov


Of Counsel:
SUMMER A. JOHNSON
Chief, Asset Recovery Unit
United States Attorney's Office
District of Nevada

Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:23-cv-1966 |
| v | ) |
| | ) |
| ADAM SACHS, | ) |
| PROCLOAK SERIES II, LLC., | ) |
| WELLS FARGO BANK, NA., | ) |
| PHH MORTGAGE CORPORATION, | ) ORDER APPOINTING RECEIVER TO |
| THE BANK OF NEW YORK, as | ) SELL THE ROSEGATE AND |
| successor Trustee of | ) COOPER CREEK PROPERTIES |
| CSFB HOME EQUITY MORTGAGE | ) |
| TRUST SERIES 2004-1, and | ) |
| REPUBLIC SILVER STATE DISPOSAL, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING MOTION TO APPOINT RECEIVER TO SELL THE**
**ROSEGATE AND COOPER CREEK PROPERTIES**

This Court, upon the unopposed motion of the United States, ORDERS that:

1. Patty Turner is appointed as receiver of the property located at 309 Rosegate, Henderson, Nevada 89052 ("Rosegate Property"), which is fully described as follows:

> Lot Twelve (12) in Block One (1) of GREEN VALLEY RANCH - PARCEL 42, as shown by map thereof on file in Book 75 of Plats, Page 39, and amended by Certificates of Amendment recorded September 3, 1996, in Book 960903 as Document No. 00965 and March 12, 1999, in Book 990312 as Document No. 01256, of Official Records, in the Office of the County Recorder of Clark County, Nevada.

2. Patty Turner is appointed as receiver of the property located at 3090 Cooper Creek Dr., Henderson, Nevada 89074 ("Cooper Creek Property"), which is fully described as follows:

> Lot 70 in Block 5 of Vistara at Pebble Canyon, as shown by map thereof on file in Book 49 of Plats, Page 94 in the Office of the County Recorder of Clark County, Nevada.

3. Patty Turner must preserve the Rosegate Property and Cooper Creek Property's values and arrange for the sale of these properties, free from the claims of the parties to this suit. With the written consent of the government, the Receiver may make expenditures to prepare the Rosegate and Cooper Creek Properties ("Properties) for sale. She shall be compensated for approved expenditures from the proceeds of the sale of these properties.

4. The sale of the Properties will be subject to the terms and conditions set forth below:

   A. The sale of the Properties shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action.

   B. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of records, if any.

C. The Receiver shall offer the Property for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

D. The terms of any purchase agreement shall require the balance of the purchase price to be paid at closing and will include an earnest money deposit, payable by cash or certified check, in an amount determined by the Receiver and forfeitable upon the purchaser's failure to perform. Any earnest money forfeited as a result of the purchaser's failure to perform shall be applied to the expenses of the unsuccessful sale, and the remainder applied to the judgment against Sachs in this action.

E. The sale of the Properties shall be subject to confirmation by this Court, and the closing shall not occur before the proposed sale has been confirmed by further order of this Court. Upon confirmation of the sale of the Properties and full payment of the purchase price at closing, ownership and possession of the Properties shall transfer to the successful purchaser(s), and all interest in, liens against, and titles and claims to, the Properties that are held or asserted by the parties to this action are discharged and extinguished as to that specific Property.

F. At closing, the successful purchaser(s) shall pay the balance of the purchase price for each property and the Receiver shall deliver to the successful purchaser a deed to the Property executed by the Receiver or by the United States under the authority of this Court. Any earnest money deposit, as well as any other funds collected by the Receiver pursuant to this order, shall be deposited into the registry of the Court, pending a further distribution order.

5.	Defendants Adam Sachs ("Sachs") and/or Procloak Series II, LLC ("Procloak") shall provide a set of keys to the Rosegate and Cooper Creek Properties to the Receiver within five days of the signing this order.

6.	Sachs and any residents or tenants shall give the Receiver a working telephone number where they can be contacted in advance of a showing of the Rosegate Property and Cooper Creek Property.

7.	Sachs and Procloak shall keep the Rosegate Property in a neat and showable condition beginning ten (10) days after entry of this order until the date and time they vacate the property.

8.	The Receiver shall have free and unrestricted access to the Rosegate Property.

9.	Sachs, Procloak and all other residents shall allow the receiver to place a key box on the front door of the Rosegate and Cooper Creek Properties.

10.	Sachs, Procloak and all other residents shall allow the Receiver to begin showing the Rosegate Property within ten (10) days of the entry of this order.

11.	Sachs, Procloak and all other residents will vacate the premises within ten 10 days of this court signing the order confirming the sale of the Rosegate Property each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances, including all kitchen and laundry appliances).  If any person fails or refuses to vacate the Property within 10 days of entry of this order, the United States, the Receiver, or their agents are authorized to coordinate with the United States Marshals to take all actions that are reasonably necessary to have those persons ejected.  The United States Marshals may use reasonable force to enter and remain on the premises where the Property is located, which includes, but is not limited to, the land, the buildings and any structures thereon, and vehicles, for the purpose of

executing this order, and may arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere, in any way with the execution of this order.

12. Once Sachs, Procloak and all other residents move from, or vacate, the Rosegate Property they are no longer entitled to access the Rosegate Property without permission of the Receiver. Once Sachs, Procloak and all other residents move from, or vacate, the Rosegate Property the Receiver will have custody and control of the Rosegate Property.

13. Sachs, Procloak and all other residents shall allow the Receiver to begin showing the Cooper Creek Property within fifteen (15) days of the entry of this order.

14. The Receiver shall give the Sachs and any tenants or residents of Cooper Creek Property a forty-eight (48) hour notice prior to any showing of the Cooper Creek Property. Sachs and any tenants or residents of the Cooper Creek Property shall cooperate with the Receiver regarding showing the property to prospective buyers.

15. The Receiver may sell the property with or without the renters in place. Once Sachs, Procloak and all other residents move from, or vacate, the Cooper Creek Property they are no longer entitled to access the Cooper Creek Property without permission of the Receiver. When they vacate the premises, they may take with them their personal property (but leave all improvements, buildings, fixtures, and appurtenances, including all kitchen and laundry appliances). Once Sachs, Procloak and all other residents move from, or vacate, the Cooper Creek Property the Receiver will have custody and control of the Cooper Creek Property.

16. Sachs, Procloak and anyone acting on their behalf will not interfere in any way with the Rosegate and/or Cooper Creek Properties, the Receiver, or Receiver's efforts to comply with her obligations under this order.

17. Sachs, Procloak and anyone acting on their behalf shall not damage, destroy or take any action to degrade the Rosegate and/or Cooper Creek Properties or their value.

18. For compensation, the Receiver will receive six percent of the Rosegate Property's gross sales proceeds for the sale of the Rosegate Property. The sale may be co-brokered however the gross compensation shall not exceed 6% of the gross sales proceeds from the Rosegate Property. Any commission payable to a purchaser's real estate agent shall be payable from the Receiver's compensation.

19. For compensation, the Receiver will receive six percent of the Cooper Creek Property's gross sales proceeds for the sale of the Cooper Creek Property. The sale may be co-brokered however the gross compensation shall not exceed 6% of the gross sales proceeds from the Cooper Creek Property. Any commission payable to a purchaser's real estate agent shall be payable from the Receiver's compensation.

20. The liens or interest of any party who has a lien or interest in the Rosegate Property shall attach to any sales proceeds in the same manner and priority as their interests in the Rosegate Property. The Rosegate Property's sales proceeds will be distributed upon a separate motion and order from the court.

21. The liens or interest of any party who has a lien or interest in the Cooper Creek Property shall attach to any sales proceeds in the same manner and priority as their interests in the Cooper Creek Property. The Cooper Creek Property's sales proceeds will be distributed upon a separate motion and order from the court.

22.. The Receiver shall be allowed to sell or dispose of any personal property left in or on the Rosegate Property after Sachs or any other individual(s) residing on the property, vacate the Rosegate Property. The sales proceeds from such personal property will be distributed upon a

separate motion and order from the court.  The Receiver is also authorized to dispose of any personal property without compensation.

23. The Receiver shall be allowed to sell or dispose of any personal property left in or on the Cooper Creek Property after Sachs or any other individual(s) residing on the property, vacate the Cooper Creek Property. The sales proceeds from such personal property will be distributed upon a separate motion and order from the court.  The Receiver is also authorized to dispose of any personal property without compensation.

24. After the Court confirms the sale of the Rosegate Property, the sale proceeds shall be distributed as follows:

    A.    First, to the reasonable and necessary costs of sale regarding the Rosegate Property, including realtor expenditures and transfer fees, with written consent of the United States and including realtor commission (commission not to exceed 6% of the sale price);

    B.    Second, to any local taxing authorities for past due property taxes;

    C.    Third, to PHH Mortgage Corporation for application to the Promissory Note and Deed of Trust with  a MERS loan,MIN 100256014000604520 is assigned to, and serviced by, PHH Mortgage in the amount of $726,095.94 through February 25, 2024; and

    D.    Fourth, the remainder of the funds to the United States for application to the judgment entered in favor of the United States and against Sachs, related to his 2005, 2006, 2007, 2010, 2011, and 2012 outstanding tax liabilities.

25. After the Court confirms the sale of the Cooper Creek Property, the sale proceeds shall be distributed as follows:

A. First, to the reasonable and necessary costs of sale regarding the Rosegate Property, including realtor expenditures and transfer fees, with written consent of the United States and including realtor commission (commission not to exceed 6% of the sale price);

B. Second, to any local taxing authorities for past due property taxes;

C. Second, to Wells Fargo Bank, N.A. for application to the Promissory Note and Deed of Trust with a MERS loan, MIN ending in 7032 which was assigned to, and serviced by, Wells Fargo in the amount of $116,032.47 through March 1, 2024; and

D. Third, the remainder of the funds to the United States for application to the judgment entered in favor of the United States and against Sachs, related to his 2005, 2006, 2007, 2010, 2011, and 2012 outstanding tax liabilities.

"IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: March 19, 2024 "