DAVID A. HUBBERT
Deputy Assistant Attorney General

HERBERT W. LINDER
Ohio Bar No. 0065446
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 310
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 598-6193
Email: herbert.w.linder@usdoj.gov

Of Counsel:
SUMMER A. JOHNSON
Chief, Asset Recovery Unit
United States Attorney's Office
District of Nevada

Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v<br><br>ADAM SACHS,<br>PROCLOAK SERIES II, LLC.,<br>WELLS FARGO BANK, NA.,<br>PHH MORTGAGE CORPORATION,<br>THE BANK OF NEW YORK, as<br>successor Trustee of<br>CSFB HOME EQUITY MORTGAGE<br>TRUST SERIES 2004-1, and<br>REPUBLIC SILVER STATE DISPOSAL, INC.,<br>    Defendants. | Case No. 2:23-cv-1966<br><br>MOTION TO EXTEND THE DEADLINE FOR FILING MOTIONS TO AMEND PLEADINGS OR ADD PARTIES |

**MOTION TO EXTEND THE DEADLINE FOR FILING MOTIONS TO AMEND PLEADINGS OR ADD PARTIES**

This is the United States' first time to request an extension of the deadline for filing

-1-

motions to amend pleadings and add parties. This is the United States' second request of an extension of time in this case.

The scheduling order set a deadline to file motions to amend pleadings and add parties of March 18, 2024. The United States files its first motion to extend the deadline for filing motions to amend or add parties for thirty days, until April 17, 2024, as the United States will seek to file a motion to amend its complaint. In support the United States states as follows:

1. On November 28, 2023, the United States brought this suit to enforce the federal tax liens upon certain real property under 26 U.S.C. §§ 7401, 7402 and 7403. One of the properties the United States sought to enforce its liens against was 3090 Cooper Creek Dr., Henderson, Nevada 89074 ("Cooper Creek Property"). 26 U.S.C. § 7403(b) requires all persons having liens upon the property be named as party to the suit. The United States filed this suit upon information and belief that Defendant The Bank of New York as successor trustee to JP Morgan Chase Bank N.A., as trustee for the holders of CSFB Home Equity Mortgage Trust Series 2004-1, Home Equity Mortgage Pass-Through Certificates, Series 2004-1 (Bank of New York Mellon) had an interest in the Cooper Creek Property. *See DKT # 34-2*.

2. After the deadline, on March 19, 2024, the United States filed an extension of time to serve Bank of New York Mellon. *See Dkt. #34*. The Court granted the United States' Motion. *See Text Order Dkt. # 37*. After filing a motion to extend time to serve Bank of New York Mellon and preparing to serve Bank of New York Mellon, the United States determined that its original complaint named Defendant Bank of New York Mellon only as follows:

> "The Bank of New York as successor trustee to JP Morgan Chase Bank N.A., as trustee for the holders of CSFB Home Equity Mortgage Trust Series 2004-1, Home Equity Mortgage Pass-Through Certificates, Series 2004-1."

However, it appears that the complete, full, and accurate name of the proper defendant in regard to Gov. Ex. 2 is as follows:

> The Bank of New York Mellon Corporation FKA The Bank of New York, as successor trustee to JP Morgan Chase Bank N.A., as trustee for the holders of CSFB Home Equity Mortgage Trust Series 2004-1, Home Equity Mortgage Pass-Through Certificates, Series 2004-1.

Out of the abundance of caution, to ensure the proper party is accurately named, to perfect service and to provide clear title for the Cooper Creek Property, the United States believes it needs to amend its complaint to correct the named defendant and/or add the proper party. Thus, under Federal Civil Procedures Rules 21 and 15(c), the United States will seek leave to add the proper party and amend its complaint to reflect the complete, current and accurate name of the defendant "The Bank of New York Mellon Corporation FKA The Bank of New York, as successor trustee to JP Morgan Chase Bank N.A., as trustee for the holders of CSFB Home Equity Mortgage Trust Series 2004-1, Home Equity Mortgage Pass-Through Certificates, Series 2004-1", as the party that may have an interest in the Cooper Creek Property. *See Dkt. #34-2 at 13 of 14.* However, the deadline of March 18, 2024, for filing amendments to pleadings has passed and the United States seeks an extension of this deadline.

3. As required by Local Rule 1A 6-1.(a), the United States asserts that missing the filing deadline was due to excusable neglect.

The Court in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993) set forth four equitable factors that are weighed as to the discretion of the district court. See *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir.,2004). The four factors are (1) the danger of prejudice to the party; (2) length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) and whether the movant acted in good faith. *Pioneer Inv. Services*

*Co.*, 507 U.S. at 395.

One (1); there is no prejudice to Bank of New York Mellon or the other parties. Defendants Adam Sachs, Procloak, and the United States have entered into a stipulation that resolves most if not all the contested issues in this case. *See* ECF #24. Wells Fargo and PHH Mortgage have appeared and entered into stipulations with the United States resolving their respective lien priorities at to the properties at issue in this case. *See* ECF ##30 and 31. The Clerk of Court has entered a default against Defendant Republic Silver State Disposal, Inc. *See* ECF #20. Defendant Bank of New York Mellon is not prejudiced because if it has a lien interest in the Cooper Creek Property it should be represented in regard to its respective lien priority. The properties as issue have not been sold and no sales proceeds have been distributed. The United States is not adding any new factual allegations to its Amended Complaint but merely correcting one defendant's name. Thus, no parties that are in the case will be prejudiced by correcting the proper party name of Defendant New York Mellon. Thus, no parties that are in the case will be prejudiced by an extension. Factor one weighs in favor of the United States.

Two (2); the length of the delay in filing this motion is 10 days and it will not impact or delay the case. Defendants Adam Sachs, Procloak, Wells Fargo and PHH Mortgage and the United States have entered into stipulations resolving most of the contested issues between the parties including respective lien priorities. *See* ECF ##24, 30 and 31. A receiver has been appointed to sell the Cooper Creek Property and the property located at 309 Rosegate, Henderson, NV. See DKT. #36. The delay in filing the motion is slight, not holding up the case. Factor two weighs in favor of the United States. Three (3); the reason for the delay is that counsel for the United States simply failed to provide the complete full name of the defendant.

Counsel for the United States was actively trying to make Bank of New York Mellon aware of the case and determine if its lien had been paid. However, the filing of the motion was within control of Counsel for the United States. The United States believes Factor 3 would be neutral or weigh against the United States.

Fourth, counsel for the United States has not acted in bad faith or gamesmanship for the delay in filing this motion. The lien interest or deed of trust at issue is the same. *See Dkt. 34-2*. The actual defendant is the same as The Bank of New York Mellon is formally known as, FKA, The Bank of New York. The United States' Complaint did not provide the complete and current name of the defendant Bank of New York Mellon. Plaintiff's failure to provide the complete and current name is a simple misnomer.

Taken as a whole, the United States believes the factors weigh in favor of establishing excusable neglect on behalf of the United States.

4. The United States has conferred with counsel for defendants Adam Sachs, Procloak Series II., LLC, Wells Fargo Bank, N.A., and PHH Mortgage Corporation, and they are not opposed to the relief sought by this motion.

Based upon the foregoing, the United States requests this court to extend the deadline for filing motions to amend pleadings or add parties for thirty (30) days from March 18, 2024, to April 17, 2024.

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Herbert W. Linder
HERBERT W. LINDER
Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
Phone: (202) 598-6193
Fax: (214) 880-9741
herbert.w.linder@usdoj.gov
Attorneys for the United States
ATTORNEYS FOR UNITED STATES

"IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: 3/28/2024 "

**CERTIFICATE OF SERVICE**

I certify that on March 27, 2024, I electronically filed the foregoing Motion using the CM/ECF system, which will send notification of such filing to the following registered users currently in this case:

Shawn R. Perez, Esq.
Law Offices of Shawn R. Perez
Shawn711@msn.com
*Counsel for Defendant Adam L. Sachs and Procloak Series II, LLC*

Jeffrey S. Allison
HOUSER LLP
9970 Research Drive
Irvine, California 92618
Email: jallison@houser-law.com
*Attorneys for Defendant PHH Mortgage Corp.*

Kristin A. Schuler-Hintz
McCarthy Holthus, LLP
9510 West Sahara, Suite 200
Las Vegas, NV 89117
(702) 685-0329 Telephone
Email: khintz@mccarthyholthus.com
*Attorney for Wells Fargo Bank NA*

                                             **/s/Herbert W. Linder**
                                             HERBERT W. LINDER
                                             Trial Attorney
                                             United States Department of Justice, Tax Division

DAVID A. HUBBERT
Deputy Assistant Attorney General

HERBERT W. LINDER
Ohio Bar No. 0065446
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 310
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 598-6193
Email: herbert.w.linder@usdoj.gov


Of Counsel:
SUMMER A. JOHNSON
Chief, Asset Recovery Unit
United States Attorney's Office
District of Nevada

Attorneys for the United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:23-cv-1966 |
| v ) | |
| ) | |
| ADAM SACHS, ) | |
| PROCLOAK SERIES II, LLC., ) | |
| WELLS FARGO BANK, NA., ) | |
| PHH MORTGAGE CORPORATION, ) | ORDER EXTENDING THE |
| THE BANK OF NEW YORK, as ) | DEADLINE TO FILE MOTIONS TO |
| successor Trustee of ) | AMEND PLEADINGS OR ADD |
| CSFB HOME EQUITY MORTGAGE ) | PARTIES |
| TRUST SERIES 2004-1, and ) | |
| REPUBLIC SILVER STATE DISPOSAL, INC.,) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING UNITED STATES' MOTION TO EXTEND THE DEADLINE TO FILE MOTIONS TO AMEND PLEADINGS OR ADD PARTIES**

-1-

Pending before the Court is the United States' Motion to Extend the Deadline to File Motions to Amend Pleading or add Parties. Good cause having been shown, the Motion is GRANTED.

Accordingly, the deadline for filing motions to amend pleadings or add parties is extended for 30 days until April 17, 2024.

"IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED:_____"